UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONNA M. CLARK, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 4:06 CV 275 RWS |
| ) | |
| WYETH a/k/a WYETH, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This is a hormone replacement therapy drug case.  The case is currently before me on Plaintiffs' renewed motion to remand [#26].  Defendants removed this matter from Missouri state court on February 24, 2006 and Plaintiffs promptly moved to remand [#9].  Before I ruled on the motion to remand, the case was transferred to a consolidated multidistrict litigation proceeding in the Eastern District of Arkansas for pretrial proceedings.  This case was remanded to me from the MDL transferee court on May 25, 2012.  Plaintiffs have renewed their motion to remand.  For the reasons stated below, I will grant Plaintiffs' motion to remand.

This case was originally filed in state court on July 7, 2004, styled <u>Paula Ballard, et al. v. Wyeth, et al.</u>, Civil Action No. 042-07388A.  The state court petition joined the claims of multiple plaintiffs who alleged injuries stemming from hormone replacement therapy produced or sold by multiple defendants.  That case was previously removed to this court and remanded back to Missouri state court for lack of subject-matter jurisdiction.

In state court, defendants' motion to sever the claims of the individual plaintiffs was granted.  However, the state court did not dismiss the claims or require the filing of new actions.  Instead, the severance order required the plaintiffs to file separate amended petitions.  No filing

fee was imposed and no service of process was required for the amended petitions.  The state court initially required all amended petitions to be filed with the same case number as the original Ballard action, followed by a numerical suffix.  However, when the state court was advised it was not "technically possible for the Circuit Clerk's software to accomplish" this task, the state court amended its order to require separate case numbers, with "a minute entry joining the cases for the purposes of discovery issues and dispositive motions."  The amended petitions were also "indexed with a filing date the same as in the original case."  The pleadings in Ballard are part of the record in each severed case and the docket sheet in each severed case contains the notation "Refer to Cause No. 042-07388A for prior entries."  Plaintiffs indicate that the severance order entered on August 24, 2005 was, for some unknown reason, not served on Defendants.  A hearing was held on October 12, 2005 and Defendants then learned of the order.

Plaintiffs filed their second amended petition on January 27, 2006, naming diverse parties.  On February 24, 2006, Defendants again removed the action to federal court on the basis of diversity jurisdiction.  On March 7, 2006, Plaintiffs sought remand because defendant failed to file a notice of removal within one year after the commencement of this action.  Before I ruled on the motion to remand, this case was transferred by the Judicial Panel on Multidistrict Litigation ("JPML") to the hormone replacement therapy MDL pending in the Eastern District of Arkansas before the Honorable William R. Wilson, Jr.

Under Judge Wilson's standing MDL order, the pending motion for remand was denied without prejudice.  Plaintiffs did not renew their motion to remand while the case was pending before Judge Wilson.  Plaintiffs' case was identified by the MDL court as an action which should be returned to the transferor court.  In the JPML order dated May 23, 2012, this action was

returned to me.

Plaintiffs argue that remand is proper under the circumstances presented in this case because removal is barred by the one-year time limit set out in 28 U.S.C. § 1446, removal was not timely, and removal was barred because the event destroying diversity was not a voluntary act of the plaintiffs.  Defendants oppose each of these bases for remand.

The one-year limit contained in 28 U.S.C. § 1446(b) applies to cases that were not removable to federal court when initially filed, but later become removable.  See Brown v. Tokio Marine & Fire Ins. Co., 284 F.3d 873, 873 (8th Cir. 2002).  This case was not initially removable when it was filed in July 2004 because there was not complete diversity between the parties. Plaintiffs argue that, in this case, Section 1446(b)'s one-year limitation ran from the time this action was commenced in July 2004.  Defendants argue the period did not begin until Plaintiffs filed their second amended petition on January 27, 2006.

The state court made clear that plaintiffs did not commence a new action by filing their second amended petition.  The state court initially ordered the amended petitions be filed using the same case number followed by a numerical suffix.  It was only after being advised of the technical limitations of the Circuit Clerk's software that the state court amended its order to require separate case numbers.  Further, Plaintiffs did not pay a filing fee to open the case, Plaintiffs were not require to serve the defendants, and the petition was "indexed with a filing date the same as in the original case."  Finally, the state court also ordered that the severed cases were joined with each other and Ballard for discovery and dispositive motions and that the Ballard pleadings are part of the record in each severed case.  Under these circumstances, I conclude that the filing of Plaintiffs' second amended petition did not constitute the filing of a

new action. Section 1446(b)'s one-year limitation runs from the filing on the initial petition in July 2004, not upon Plaintiffs' filing their second amended petition as required by the state court order.

Defendants urge me to adopt an equitable exception to the statute's one-year time limitation on removal.  At the time that this case was filed, the relevant statutory language provided:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion order or other paper from which it ay be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after the commencement of the action*.

28 U.S.C. § 1446(b)(emphasis added).[1]

Courts have disagreed whether the one-year limit contained in the previous version of § 1446 is subject to an equitable exception. See Tedford v. Warner–Lambert Co., 327 F.3d 423, 425–26 (5th Cir. 2003) (holding that an equitable exception applied and collecting cases).

---

[1] Section 1446(b) was amended in 2011 to indicate that a case may not be removed on the basis of diversity of citizenship "more than 1 year after commencement of the action, *unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.*" 28 U.S.C. § 1446(c)(emphasis added).

Although the Eighth Circuit Court of Appeals has not directly decided this issue, it has stated that "[f]ailure of a party to remove within the one year limit precludes any further removal based on diversity." Lindsey v. Dillard's, Inc., 306 F.3d 596, 600 (8th Cir.2002).

Analysis of a statute begins with the plain language of the statute. See In re M & S Grading, Inc., 457 F.3d 898, 901 (8th Cir.2006). If the plain language of the statute is unambiguous, it is conclusive absent legislative intent to the contrary. Id. The plain language of the previous version of § 1446(b) indicates that the one-year time limitation is absolute and jurisdictional. See Wejrowski v. Wyeth, 2012 WL 2367388, at *3 (E.D. Mo. June 21, 2012); see also Wright-Basch v. Wyeth, 2012 WL 2885832, at *5 (E.D. Mo. July 13, 2012); see also Devalk v. Wyeth, 2012 WL 2885904, at *5 (E.D. Mo. July 13, 2012); see also Calma v. Wyeth, 2012 WL 1971145, at *3 (E.D. Mo. June 1, 2012); see also Johnson v. Wyeth, 2012 WL 1829868, at *4 (E.D. Mo. May 18, 2012). The legislative history indicates that when the one-year limit was initially added, Congress recognized that it would reduce the ability of defendants to remove some diversity cases, but considered this "a modest curtailment in access to diversity jurisdiction." See H.R.Rep. No. 100–889, at 72, reprinted in 1988 U.S.C.C.A.N. 5982, 6032–33.

In 2011, Congress amended the law to create the exception that defendants argue for here. However, for me to create such an exception to the one-year limit in the previous version of § 1446 would "improperly contravene the Court's role of interpreting and applying a statute as written by Congress." Wejrowski, 2012 WL 2885832 at *5. As a result, I find that the limitation in the previous statute was jurisdictional and not subject to any equitable exception.

Finally, Defendants argue that Plaintiffs waived their right to remand by failing to move for remand in the MDL court and by taking Plaintiff Leonie Schindler's *in extremis preservation*

deposition. Because the one-year time limitation in the previous statute is jurisdictional, it is not subject to waiver or the 30-day time limitation set out in 28 U.S.C. § 1447(c). See <u>Dill v. General Am. Life Ins. Co.</u>, 525 F.3d 612, 617 (8th Cir. 2008) (holding that jurisdictional time limits "cannot be waived or forfeited."). As a result, Plaintiffs could not have waived their right to seek remand of this case to state court.

Because Defendants removed this case after the one-year time limit expired, removal was untimely and this case must be remanded back to state court. Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff's Motion to Remand [#26] is **GRANTED**.

**IT IS FURTHER ORDERED that** Defendant's Motion to Change Venue [#24] is **DENIED as moot**.

**IT IS FURTHER ORDERED that** this case is remanded to the Circuit Court of the City of St. Louis, State of Missouri, Division One from which it was removed.

_/s/ Rodney W. Sippel_
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 24th day of July, 2012.